# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LUIS MARTINEZ, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-17-300-G |
| DEVON ENERGY PRODUCTION CO., L.P., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is the parties' Joint Motion to Approve FLSA Settlement (Doc. No. 43), which was filed under seal.[1]

PROCEDURAL HISTORY

Plaintiff Luis Martinez brought this action against Defendant Devon Energy Production Co., L.P., seeking relief under the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. *See* Compl. (Doc. No. 1). In his collective action complaint filed on March 30, 2017, Plaintiff alleged that Defendant had misclassified him and other similarly situated safety consultants as "independent contractors" and had paid them on a "day-rate system." *See id*. ¶ 8. Plaintiff complained that although he and the other safety consultants regularly worked in excess of 40 hours each workweek, they "did not receive any pay for hours worked over 40 hours each week." *Id*. ¶ 41.

---

[1] The parties also filed a redacted copy of the Joint Motion to Approve FLSA Settlement. *See* Doc. No. 42.

Defendant denied Plaintiff's allegations and raised several affirmative defenses. *See* Def.'s Answer (Doc. No. 20). Defendant asserted that Plaintiff and other similarly situated workers were properly classified as independent contractors and, therefore, were not entitled to overtime compensation. Defendant alleged in the alternative that safety consultants were statutorily exempt from overtime pay.

On October 10, 2017, the Court granted the parties' Amended Joint Motion for Conditional Certification pursuant to § 216(b). *See* Order Approving Cond. Certif. of Oct. 10, 2017 (Doc. No. 28). Notice was given to putative class members,[2] and three individuals—Beverly D. Rivers, as executrix of the Estate of Gary Rivers, Thomas J. Champagne, and Blaine Dupont—executed a "Consent to Join Wage Claim Lawsuit Against Devon," *see* Docs. Nos. 31-1, 32-1, 33-1,[3] and joined Martinez as Plaintiffs.

SETTLEMENT

The Court's approval of the parties' settlement agreement is necessary to effectuate the FLSA's purpose: "to protect certain groups of the population from substandard wages

---

[2] The class was defined as

> [c]urrent and former safety consultants employed by, or working on behalf of, [Defendant] . . . during the three years prior to the date of certification who were classified as independent contractors and paid a day-rate.

Order Approving Cond. Certif. of Oct. 10, 2017 (Doc. No. 28) at 1.

[3] The FLSA requires a potential collective action claimant to "give[ ] his [or her] consent in writing to become . . . a party[,]" 29 U.S.C. § 216(b), to an action seeking relief under the FLSA. *See id.* ("[n]o employee shall be a party plaintiff . . . unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"). Martinez's "Consent to Join Wage Claim" was attached to the collective action complaint. *See* Compl. Ex. A (Doc. No. 1-1).

and excessive hours . . . due to the unequal bargaining power as between employer and employee." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945) (footnote omitted). *See Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) ("Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'") (quotation and further citation omitted).

The parties' settlement, as reflected in the Settlement Agreement and Release ("Settlement Agreement") filed under seal, *see* Joint Mot. Ex. 1 (Doc. No. 43-1), was negotiated at arms-length with the assistance of competent and experienced counsel. It is a fair, equitable, and reasonable resolution of a bona fide dispute between the parties.

The Settlement Agreement includes payment of Plaintiffs' damages, attorney fees, and out-of-pocket litigation expenses ("Gross Settlement Fund"). *See id*. The settlement amount allocated to Plaintiffs is the total amount remaining after deductions from the Gross Settlement Fund for attorney fees and expenses ("Net Allocation Fund"). *See id*. The parties have agreed to a pro rata allocation of the Net Allocation Fund. *See id*. Settlement allocations are based on Plaintiffs' counsel's calculations and, in accordance with the Settlement Agreement, are to be distributed to Plaintiffs 30 days after the date of this Order. *See id*.

## ATTORNEY FEES

The FLSA provides that the Court "shall . . . allow [plaintiff] a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). *See Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1308 (10th Cir. 2014); *Tabb v. Mentor Prot. Serv.*

*LLC*, No. CIV-17-1139-D, 2018 WL 5269828 *1 (W.D. Okla. Oct. 23, 2018). Although the fee is mandatory, the Court has discretion to determine the reasonableness of the amount requested. *See Olivo v. Crawford Chevrolet Inc.*, 526 Fed. App'x 852, 855 (10th Cir. 2013); *Tabb*, 2018 WL 5269828 *1.

Upon review of the record and extant case law, the Court finds that the percentage of the Gross Settlement Fund allocated to attorney fees is within the customary fee range approved by courts in this circuit and that the amount requested is fair and reasonable under the circumstances. *See*, *e.g.*, *Ostrander v. Customer Eng'g Servs., LLC*, 2019 WL 764570 *6 (D. Colo. Feb. 21, 2019) ("'fees have ranged from 4 per cent to 58 per cent'" of settlement fund); *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1174 (D. Colo. 2018) (award equal to 37% of gross settlement amount "well within the normal range for a contingent fee award"); *Koehler v. Freightquote.com, Inc.*, 2016 WL 3743098 *7 (D. Kan. July 13, 2016) (approving fee award amounting to 33% of settlement fund); *McKinley v. Mid-Continent Well Logging Serv., Inc.*, Case No. CIV-14-649-M (Doc. No. 48) (W.D. Okla. Mar. 2, 2016) (approving fee award of 40% of gross settlement fund).

## CONCLUSION

Accordingly, the Court, based on the foregoing findings,

(1) GRANTS the parties' Joint Motion to Approve FLSA Settlement (Doc. No. 43);

(2) hereby APPROVES the parties' Settlement Agreement submitted under seal as a fair, reasonable, and adequate settlement of this action;

(3) further APPROVES the payment of Plaintiffs' counsel's attorney fees and litigation costs;

(4) DIRECTS the parties to distribute the Gross Settlement Fund in accordance with the terms of the Settlement Agreement;

(5) DISMISSES Plaintiffs' claims against Defendant with prejudice; and

(6) ORDERS that the Court shall retain jurisdiction over the parties and their Settlement Agreement to enforce that agreement should any controversy arise about the terms of the settlement or any party's performance of its obligations under the Settlement Agreement.

IT IS SO ORDERED this 6th day of March, 2019.

CHARLES B. GOODWIN
United States District Judge